FILED

JUN 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JAY GEROW, an individual and ZDI GAMING, INC, a Washington corporation,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>STATE OF WASHINGTON; et al.,<br><br>        Defendants - Appellees. | No. 08-35885<br><br>D.C. No. 3:08-cv-05087-BHS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted June 10, 2010[**]
Seattle, Washington

Before: CANBY, CALLAHAN and IKUTA, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court did not err in granting the defendants' motion for judgment on the pleadings, *see* Fed. R. Civ. P. 12(c), because the individual defendants are entitled to legislative immunity from suit. Here, under the four factors stated in *Kaahumanu v. County of Maui*, 315 F.3d 1215, 1220 (9th Cir. 2003), we conclude that the rulemaking at issue is legislative in character. First, the regulations are a formulation of the Washington Gambling Commission's policy because they are rules that apply regardless of the circumstances of particular cases rather than being ad hoc. *See id.* Second, the regulations, by their very terms, apply to the public at large. *See id.* at 1222. Third, the Commission members voted on the regulations, rendering them formally legislative. *See id.* at 1223. Fourth, the regulations bear the hallmarks of traditional legislation because they have prospective implications. *See id.*

Because this type of rulemaking is a legislative action, the defendant Commissioners, including Prentice, have absolute immunity for their actions associated with the passage of the rules. *See Bogan v. Scott-Harris*, 523 U.S. 44, 52 (1998). The immunity also extends to Gambling Commission Director Day for his actions because they "were integral steps in the legislative process." *Id.* at 55. The alleged statements made by Prentice and Day cannot be the basis of liability: ZDI does not allege that these statements caused it independent harm, but rather that

-2-

they are evidence of the Commission's retaliatory animus. However, "[t]he claim of an unworthy purpose does not destroy the privilege" of legislative immunity. *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951).

After dismissing all federal claims, the district court did not abuse its discretion in dismissing ZDI's related state law claims. *See* 28 U.S.C. § 1367(c)(3). Because a district court may not consider materials outside the pleadings in adjudicating a Rule 12(c) motion, *see Fleming v. Pickard*, 581 F.3d 922, 925 & n.4 (9th Cir. 2009), the district court did not abuse its discretion in striking ZDI's supplemental materials. Defendants' motion to strike ZDI's reply brief is denied as moot.

**AFFIRMED.**